UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00100-CRS-HBB

**BRYANT S.**[1]                                                                                                                            **PLAINTIFF**

**VS.**

**MARTIN O'MALLEY, COMMISSIONER**
**SOCIAL SECURITY**[2]                                                                          **DEFENDANT**

**FINDINGS OF FACT, CONCLUSIONS OF LAW,**
**AND RECOMMENDATION**

BACKGROUND

Before the Court is the Complaint (DN 1) of Bryant S. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff and Defendant have filed a Fact and Law Summary and supporting memorandum (DN 15, 16, and 18). For the reasons that follow, the undersigned **RECOMMENDS** that the final decision of the Commissioner should be **REVERSED**, and this matter be **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.

Pursuant to General Order No. 2019-11 and 28 U.S. C. § 636(b)(1)(B), this matter has been referred to the undersigned United States Magistrate Judge to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law, and Recommendations. By Order entered October 3, 2023 (DN 13), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

2 Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

FINDINGS OF FACT

On September 30, 2020, Plaintiff protectively filed an application for Disability Insurance Benefits (Tr. 11, 211-12). Plaintiff alleged that he became disabled on September 6, 2019, as a result of disorders of muscles and ligaments of both shoulders, post gunshot wound to the left shoulder, generalized anxiety disorder, and obesity (Tr. 11, 88, 96, 237). The application was denied initially on May 12, 2021, and upon reconsideration on August 18, 2021 (Tr. 11, 95, 103).[3] On September 7, 2021, Plaintiff filed a written request for hearing (Tr. 11, 118, 119-20).

On June 14, 2022, Administrative Law Judge Candace A. McDaniel ("ALJ") conducted a telephone hearing due to the extraordinary circumstances presented by the COVID-19 pandemic (Tr. 11, 35). Plaintiff and his non-attorney representative, Kirsten Brown, participated and Plaintiff testified by telephone (Id.). Debbie Rose, an impartial vocational expert, participated and testified by telephone during the hearing (Id.).

In a decision dated August 16, 2022, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 11-21). The ALJ noted that Plaintiff last met the insured status requirements of the Social Security Act on June 30, 2022 (Tr. 14). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 6, 2019, the alleged onset date (Id.). At the second step, the ALJ determined that Plaintiff has the following severe impairments: status post gunshot wound to left shoulder resulting in disorders of muscles and ligaments of both shoulders, respiratory disorder, obesity, neurodevelopmental disorder, affective disorder and generalized anxiety disorder (Id.).

---

3 The ALJ indicates the application was denied upon reconsideration on August 19, 2021 (Tr. 11). As the Disability Determination and Transmittal form indicates August 18, 2021 (Tr. 103), the undersigned has used that date.

At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Id.).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following exceptions: he can never climb ladders, ropes, scaffolds, but can occasionally climb ramps and stairs; he can occasionally balance, stoop, kneel, crouch, and crawl; he can never reach overhead with both arms; he can work in environments with no more than occasional exposure to fumes, odors, dust, gases, poor ventilation, humidity, and extremes of cold and heat and wetness he can work in environments with a noise level at 3 or less (moderate or less); he can understand, remember, and carry out simple instructions and interact occasionally with supervisors and coworkers, but is limited to jobs not requiring interaction with the public for task completion (Tr. 16). Additionally, the ALJ determined that Plaintiff is unable to perform any past relevant work (Tr. 19).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience, as well as testimony from the vocational expert (Tr. 19-20). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from September 6, 2019, the alleged onset date, through June 30, 2022, the date last insured (Tr. 20).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 205). The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

CONCLUSIONS OF LAW

A.  Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton, 2 F.3d at 695-96.

B. The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits to persons with disabilities. 42 U.S.C. §§ 401 *et seq.* (Title II Disability Insurance Benefits). The term "disability" is defined as an:

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 20 C.F.R. § 404.1505(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520(a), 416.920(a). In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. § 404.1520(a)(4)(i)-(v). Here, the ALJ denied Plaintiff's claim at the fifth step.

C. Plaintiff's Challenge to Finding No. 4

*1. Arguments of the Parties*

At step three, the ALJ concluded that Plaintiff's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.06, and 12.11 (Tr. 15). Plaintiff asserts that the ALJ failed to build an accurate and logical bridge between the evidence of record concerning Plaintiff's mental impairments and the ALJ's paragraph B findings for listings 12.04, 12.06, and 12.11 (DN 15 PageID # 3394-95; DN 16 PageID # 3406-12). More specifically, Plaintiff accuses the ALJ of providing a conclusory evaluation that does not explain how the paragraph B criteria was considered, what evidence substantiates the ALJ's findings, and how the ALJ weighed the evidence in reaching her conclusions (DN 16 PageID # 3408-09). For example, the consultative psychological examiner J. Lorilea Conyer, M.A., L.P.P. expressed an opinion that supports moderate to marked limitations in adapting or managing oneself, yet the ALJ—without articulating the basis for doing so—assessed mild limitations in that broad area of mental function (Id. at PageID # 3409) (citing Tr. 374). Plaintiff also argues that the ALJ's reasoning for the paragraph B findings cannot be ascertained by viewing the ALJ's analysis at step four because she failed to adequately evaluate the medical opinion evidence of record (Id.) (citing 20 C.F.R. § 1520c(b)(2)). For example, at step four the ALJ adopted the medical opinions of the non-examining state agency medical consultants G. Stephen Perry, Ed.D. and Kay Barnfield, Psy.D. whose findings corresponded to the ALJ's paragraph B assessments (Id. at PageID # 3410-12). But Plaintiff points out that the opinions of Drs. Perry and Barnfield are internally inconsistent and that the ALJ failed to consider and reconcile the internal inconsistencies (Id.).[4]

---

4 Plaintiff explains that the non-examining state agency psychological consultants found the medical opinion of Ms. Conyer "persuasive," yet they both adopted the less restrictive mental residual functional capacity ("MRFC") set forth

Defendant responds by claiming that the ALJ properly considered the limited evidence in the record in evaluating Plaintiff's mental impairments and that a review of the decision as a whole shows the basis for the ALJ's paragraph B findings (DN 18 PageID # 3426-27) (citing Bradford v. Sec'y of the Dep't Health & Hum. Servs., 803 F.2d 871, 873 (6th Cir. 1986) (indicating the ALJ decision should be read as a whole); *see also* Miller v. Colvin, No. 3:15-CV-294-DW, 2016 WL 154127, at *5 (W.D. Ky. Jan. 12, 2016) ("The hearing decision, when read as a whole, adequately sets forth why the ALJ chose to afford no weight to that determination."). Defendant suggests that the ALJ clearly indicated that her paragraph B analysis followed the findings of Drs. Perry and Barnfield, which she determined were persuasive (Id. at PageID # 3427) (citing Tr. 18). Defendant discusses the similarities and differences between Ms. Conyers' opinions and the ALJ's findings concerning the limitations imposed by Plaintiff's mental impairment (Id.) (citing Tr. 15, 19, 373, 374).

2. *Applicable Law*

At the third step, a claimant will be found disabled if his impairment meets or medically equals one of the listings in the Listing of Impairments. 20 C.F.R. § 404.1520(a)(4)(iii); Turner v. Comm'r of Soc. Sec., 381 F. App'x 488, 491 (6th Cir. 2010). The Listing of Impairments, set forth in Appendix 1 to Subpart P of the regulations, describes impairments the Social Security Administration considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. § 404.1525(c)(3). A claimant must satisfy all the criteria to "meet" the

---

in the previous Administrative Law Judge's decision dated September 5, 2019 (DN 16 PageID # 3410-12).

listing and be deemed disabled. *See* 20 C.F.R. § 404.1525(c)(3) and (d); Hale v. Sec'y of Health & Hum. Servs., 816 F.2d 1078, 1083 (6th Cir. 1987). However, a claimant is also deemed disabled if his impairment is the medical equivalent of a listing. 20 C.F.R. § 404.1520(a)(4)(iii); Turner, 381 F. App'x. at 491.[5]

When the record "'raise[s] a substantial question as to whether [the claimant] could qualify as disabled' under a listing, the ALJ should discuss that listing." Sheeks v. Comm'r Soc. Sec., 544 F. App'x 639, 641 (6th Cir. 2013) (quoting Abbott v. Sullivan, 905 F.2d 918, 925 (6th Cir. 1990)). Notably, the Administrative Law Judge is required to actually evaluate the evidence, compare it to the applicable listing, "and give an explained conclusion, in order to facilitate meaningful judicial review." Reynolds v. Comm'r Soc. Sec., 424 F. App'x 411, 416 (6th Cir. 2011). If an Administrative Law Judge offers nothing to support his or her conclusions at step three, the reviewing court cannot assess whether the Administrative Law Judge's decision "'is based on substantial evidence,' and thus, it cannot provide meaningful judicial review." Combs v. Colvin, No. 15-104-DLB, 2016 WL 1301123, at *4 (E.D. Ky. Apr. 1, 2016) (quoting James v. Colvin, No. 3:11-CV-640-S, 2013 WL 4096977, at *8 (W.D. Ky. Aug. 13, 2013)). Such an omission at step three may constitute reversible error. Id.

---

[5] Medical equivalence means "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a). "An administrative law judge must compare the medical evidence with the requirements for listed impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed Impairment." Reynolds v. Comm'r Soc. Sec., 424 F. App'x 411, 415 (6th Cir. 2011). Additionally, the administrative law judge looks to the opinions of the state agency medical advisors and/or the opinion of a testifying medical expert for guidance on the issue of whether the claimant's impairment is the medical equivalent of a listing. *See* 20 C.F.R. § 404.1526(c) and (d); Social Security Ruling 17-2p, 2017 WL 3928306, at *3-4 (March 27, 2017); Deters v. Sec'y of Health, Educ. & Welfare, 789 F.2d 1181, 1186 (5th Cir. 1986).

*3. Discussion*

As mentioned above, Plaintiff contends that the ALJ failed to build an accurate and logical bridge between the evidence and her findings regarding Plaintiff's functioning in the four paragraph B domains for listings 12.04, 12.06, and 12.11 (DN 16 PageID # 3408). Considering Plaintiff's claim, the analysis that follows will focus only on the ALJ's discussion of the paragraph "B" criteria for Listings 12.04, 12.06 and 12.11.[6]

The paragraph "B" criteria are: "1. *Understand, remember, or apply information (paragraph B1)*"; "2. *Interact with others (paragraph B2)*"; "*3. Concentrate, persist, or maintain pace (paragraph B3)*"; and "*4. Adapt or manage oneself (paragraph B4)*". 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E1-4. These four areas of mental functioning are evaluated on the following five-point rating scale:

> a. *No limitation (or none)*. You are able to function in this area independently, appropriately, effectively, and on a sustained basis.
>
> b. *Mild limitation*. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited.
>
> c. *Moderate limitation*. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is fair.
>
> d. *Marked limitation*. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited.
>
> e. *Extreme limitation*. You are not able to function in this area independently, appropriately, effectively, and on a sustained basis.

---

6 The severity requirements for Listings 12.04 and 12.06 are set forth in paragraphs "B" and "C" of the listing. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00A2. The severity requirements for Listing 12.11 are only set forth in paragraph "B" of the listing. Id.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00F2a-e. To satisfy the paragraph "B" criteria for Listings 12.04, 12.06, and 12.11, a claimant's mental disorder must result in extreme limitation of one, or marked limitation of two, paragraph B areas of mental functioning. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00F2, Listing 12.04 Depressive, bipolar and related disorders, Listing 12.06 Anxiety and obsessive-compulsive disorders, and Listing 12.11 Neurodevelopmental disorders.

After explaining what was necessary to satisfy the "paragraph B" criteria, the ALJ made the following findings:

> In understanding, remembering or applying information, the claimant had a moderate limitation. In interacting with others, the claimant had a moderate limitation. With regard to concentrating, persisting or maintaining pace, the claimant had a moderate limitation. As for adapting or managing oneself, the claimant had experienced a mild limitation.
>
> Because the claimant's mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, the "paragraph B" criteria were not satisfied.

(Tr. 15). Clearly, at step three the ALJ failed to provide an accurate and logical bridge between the medical evidence she relied upon and the findings she made concerning the paragraph B criteria. *See* Esther P. v. Comm'r of Soc. Sec., No. 23-CV-10517, 2023 WL 8655256, at *3 (E.D. Mich. Dec. 14, 2023); Warfield v. Berryhill, No. 18-22-HRW, 2019 WL 2932396, at *3 (E.D. Ky. July 8, 2019); Gross v. Comm'r of Soc. Sec., 247 F. Supp. 3d 824, 829 (E.D. Mich. 2017). Consequently, at step three the ALJ has not complied with her duty to articulate, at some minimum level, her analysis of the evidence to allow the Court to trace the path of her reasoning and permit meaningful review. Esther P., 2023 WL 8655256, at *3.

Defendant encourages the Court to read the decision as a whole to ascertain whether the ALJ has provided an accurate and logical bridge from the medical evidence relied upon to the

findings she made regarding the paragraph B criteria (DN 18 Page ID # 3427). The undersigned has done so and observes the following: the ALJ's decision addresses whether Plaintiff was disabled from September 6, 2019, the alleged onset date, through June 30, 2022, the date last insured (Tr. 20); at step four, the ALJ provided an accurate summary of Plaintiff's testimony during the June 14, 2022, telephonic hearing (Tr. 16-17); and the ALJ's summary acknowledges that Plaintiff mentioned he recently began taking Lorazepam and Zoloft for his psychological symptoms (Tr. 17, 44).

The ALJ's summary of the medical evidence indicates that Plaintiff received limited conservative treatment for his mental impairments during the relevant time frame (Tr. 17-19). For example, the treatment records from Baptist Health Medical Group Family Medicine ("Baptist Health") specify that while Plaintiff reported "on going anxiety," the primary care provider observed "normal" psychological functioning and "did not note clinical signs, symptoms, or other objective findings regarding the alleged anxiety disorder" (Tr. 17, 18) (citing Tr. 380-81, 384-85, 388-89, 392-93, 400-01). Additionally, while the Baptist Health treatment records mention that Plaintiff requested a referral to a mental health specialist, the ALJ found no indication that he attended the appointment (Tr. 18) (citing Tr. 379, 380, 405-14). But the ALJ did not build an accurate and logical bridge between this medical evidence and her paragraph B criteria findings, and the Court declines to speculate as to whether she may have relied on these treatment records to support the findings at step three.

The ALJ advised that J. Lorilea Conyer, MA, LPP, performed the consultative psychological examination of Plaintiff to develop the record fully and to get current objective evidence regarding his psychological impairments (Tr. 17, 18). The ALJ's summary reads:

> The consultative examiner determined that the claimant exhibited the clinical signs and symptoms of anxiety disorder and panic disorder. The prior law judge determined that the claimant had a neurocognitive disorder (Exhibit B1A). At the consultative examination, the claimant had normal thought processes, attention, and concentration. The claimant was logically [sic], and his mood and behavior were appropriate to the examination.

(Tr. 18). The ALJ did not build an accurate and logical bridge between the consultative examiner's observations and the ALJ's paragraph B criteria findings, and the Court declines to speculate as to whether she may have relied on these observations to support the findings at step three.

Later in the decision, the ALJ discussed her persuasiveness assessment of the consultative examiner:

> The consultative examiner opined that the claimant would have moderate to marked limitations managing workplace stress and moderate limitations carrying out simple tasks and interacting with others. The claimant has received only limited treatment and performs a wide range of activities in his daily life that exceed the limitations identified by the consultative examiner. The consultative examiner's opinion is not fully consistent with the objective evidence and thus is not entirely persuasive.

(Tr. 19, 373-74). These opinions are pertinent to the mental RFC findings at step four, and the ALJ has explained why she found them not entirely persuasive. The ALJ did not, however, build an accurate and logical bridge between these opinions and her paragraph B criteria findings at step three. The Court declines to speculate as to what extent, if any, the ALJ may have relied on these opinions to support her paragraph B criteria findings at step three.

The ALJ's discussion of the prior administrative medical findings reads:

> The state agency medical consultants at the initial and reconsideration levels of review opined that the claimant . . . had no more than moderate limitations on . . . the "paragraph B" criteria of

12

> understanding and applying information, attention, concentration, and maintain pace at tasks, and interacting with others and no more than mild limitations in managing oneself (Exhibits B3A and B4A). The opinions of the state agency medical consultants are generally consistent with the longitudinal medical record and includes a detailed rationale with citation to objective findings. For these reasons, the opinions of the state agency medical consultants are persuasive.

(Tr. 18). The opined limitations are identical to the ALJ's paragraph B criteria findings (*compare* Tr. 15 *with* Tr. 90, 98). Thus, it can reasonably be inferred that the ALJ relied on these opinions to make her paragraph B criteria findings because she found them persuasive. But being able to draw a reasonable inference from the record falls woefully short of providing an accurate and logical bridge between the medical evidence relied upon and the findings she made concerning the paragraph B criteria. Consequently, at step three the ALJ has not complied with her duty to articulate, at some minimum level, her analysis of the evidence to allow the Court to trace the path of her reasoning and permit meaningful judicial review. *See* Reynolds, 424 F. App'x at 414-15; Esther P., 2023 WL 8655256, at *3; James, 2013 WL 4096977, at *7-8.

In assessing whether the ALJ's error was harmless, the undersigned observes that her evaluation of the consultative psychological examiner's medical opinion and the prior administrative medical findings of the state agency psychological consultants did not comply with the requirement that the ALJ explain how she considered the supportability factor in determining the persuasiveness of the medical source's opinion. *See* 20 C.F.R. § 404.1520c(b)(2). This is distressing because, contrary to the ALJ's findings mentioned above, the consultative examiner: noted that Plaintiff's concentration was impacted by his anxiety during the assessment; observed deficits in his immediate and remote memory; indicated his judgment appeared poor; reported that his insight into the nature of his difficulties appeared fair; advised that his decision-making skills

13

are poor; pointed out that his social maturity appears isolative; and mentioned that his adaptive functioning appears to be poor (Tr. 372-73). Reasonable minds could differ regarding whether the consultative examiner's comments substantiated her opinion concerning the degree of limitation to Plaintiff's mental functional capacity (Tr. 373-74). Moreover, reasonable minds could differ regarding whether these comments may support a finding that Plaintiff has a marked limitation in at least two of the four paragraph B areas of mental functioning. The ALJ's persuasiveness assessment should have addressed this matter as it could impact the supportability of consultative psychological examiner's opinion.

Equally concerning, in the context of discussing their paragraph B criteria opinions, both state agency psychological consultants (Drs. Perry and Barnfield) summarized the consultative examiner's opinion and indicated that they found that it "is mostly supported, consistent, and mostly persuasive" but "ALJ decision is considered more persuasive" (Tr. 90, 98). Thus, Drs. Perry and Barnfield appear to have adopted the paragraph B criteria findings from the prior decision.[7] But in the context of discussing their mental RFC findings, Drs. Perry and Barnfield set forth the consultative examiner's opinion verbatim and they both specifically found it "[p]ersuasive" (Tr. 92, 100). Yet the mental RFC findings of Drs. Perry and Barnfield are different from the opinion of the consultative examiner (*compare* Tr. 93, 101 *with* Tr. 373-74). This suggests internal inconsistencies in the prior administrative medical findings of Drs. Perry and Barnfield. Despite the inconsistencies, the ALJ's persuasiveness assessment did not

---

7 Apparently, they are referring to the final decision of the Commissioner, issued on September 5, 2019, that addressed Plaintiff's prior application for benefits (*see* Tr. 12). This prior final decision of the Commissioner is not included in the administrative record.

14

acknowledge or attempt to reconcile them even though they could impact the supportability of the opinions expressed by Drs. Perry and Barnfield. *See* 20 C.F.R. § 404.1520c(b)(2).

Because of the above-mentioned omissions, the ALJ's errors at step three are not harmless. Where, as here, an ALJ did not comply with the applicable law, the appropriate remedy is reversal and a remand of the case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), with instructions to conduct additional proceedings to remedy the defects in the original proceedings. <u>Faucher v. Sec'y of Health & Hum. Servs.</u>, 17 F.3d 171, 175 (6th Cir. 1994). Additionally, in light of the above findings, the undersigned need not address Plaintiff's claim that the ALJ failed to properly evaluate the supportability and consistency of the consultative examiner's medical opinion under 20 C.F.R. § 404.1520c(b)(2).

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the final decision of the Commissioner should be **REVERSED**, and this matter be **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings to remedy the defects in the original proceedings.

June 14, 2024

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed, or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985).

June 14, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:     Counsel